1
2
3
4
5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7    UNITED STATES OF AMERICA,

8                        Plaintiff,              NO. 2:17-CR-0194-TOR

9          v.                                    ORDER DENYING DEFENDANT'S
                                                 MOTION TO REDUCE SENTENCE
10   JASON LYDEN,

11                       Defendant.

12       BEFORE THE COURT is Defendant's Motion for Compassionate Release.

13   ECF No. 45.  The Government filed its response.  ECF No. 50.  Defendant was

14   given the opportunity to file a reply but did not.  This matter was submitted for

15   consideration without oral argument.  The Court has reviewed the record and files

16   herein, the completed briefing, and is fully informed.  For the reasons discussed

17   below, Defendant's motion is denied.

18                              **BACKGROUND**

19       On February 22, 2018, Jason Lyden appeared before the Court and entered a

20   plea of guilty to Count 2 of the Indictment filed on November 7, 2017, charging

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

him with Distribution of 50 Grams or More of Actual Methamphetamine, in

violation of 21 U.S.C. § 841.  On May 24, 2018, this Court sentenced Defendant to

a 142-month term of imprisonment, followed by a 5-year term of supervised

release, and a $100.00 special penalty assessment.  ECF No. 40.  Defendant was

remanded to the custody of the United States Marshal to begin service of his

sentence.  According to the Bureau of Prisons, Defendant is currently scheduled

for release on January 19, 2028.

Defendant submitted a request for sentence reduction to the warden of the

facility where he is incarcerated, FCC Beaumont.  ECF No. 45 at 2-4; Exhibit 1.

Apparently, Defendant never received a response to his request and 30-days has

elapsed since submission of the request.

On March 31, 2021, Defendant filed the instant Motion for Compassionate

Release.  ECF No. 45.  Essentially, Defendant requests the Court to reduce his

sentence to time-served and place him on GPS monitoring.  *Id*. at 18.  He explains

that extraordinary and compelling reasons support such reduction, including: he is

in an unsafe prison environment with lack of PPE (personal protective equipment),

inadequate cleaning and poor disinfecting procedures; that COVID-19 presents a

serious risk of illness or death; that he has a history of smoking and is obese; that

the pandemic can lead to disproportionate poor mental health; that his sentence

was excessive and unjust, imposed in violation of the Constitution based on a

1  judge's findings not on a jury's findings beyond a reasonable doubt; and that he

2  has achieved post-sentencing rehabilitation and has a release plan.  *Id.*

3      The Government contends the Defendant's proffered extraordinary and

4  compelling reasons for release should be rejected.  ECF No. 50.  First, successful

5  rehabilitative activities do not alone warrant early release.  28 U.S.C. § 994(t).

6  Next, there was no error at sentencing.  Finally, the existence of COVID-19 itself

7  does not warrant release, Defendant's medical needs are being met, Defendant

8  contracted COVID-19 and recovered, Defendant was offered yet declined to be

9  vaccinated from COVID-19, the 18 U.S.C. § 3553 factors do not support release,

10  and Defendant has a recent disciplinary record for possession of a weapon.  *Id.*

11                              **DISCUSSION**

12  **A.  Eligibility for Compassionate Release**

13      Federal courts have the statutory authority to modify an imposed term of

14  imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1)

15  or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2).

16  Until recently, motions for compassionate release could only be brought to the

17  Court by the Director of the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A) (2002).

18  However, after the December 2018 passage of the First Step Act, defendants may

19  now bring their own motions for compassionate release after exhausting

20  administrative remedies within the Bureau of Prisons or by waiting 30 days after

receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The statute and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. 18 U.S.C. § 3582(c)(1)(A) (as to second prong only); U.S.S.G. § 1B1.13 (as to both the first and second prongs).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. "While that particular policy statement has not yet been

updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide *guidance* on the 'extraordinary and compelling reasons' that may warrant a sentence reduction."  *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases) (emphasis added).  The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.  U.S.S.G. § 1B1.13, cmt. n.1.

Most recently, the Ninth Circuit has held "that the current version of U.S.S.G. §1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."  *United States v. Aruda*, 993 F.3d

797 (9th Cir. 2021).  According to the Ninth Circuit, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*  Thus, "district courts are empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* (agreeing with and quoting decisions of Second and Fourth Circuits).

**B.  Exhaustion or Lapse of 30 days**

Defendant has exhausted his administrative remedies.  He submitted a request for compassionate release to the Warden at FCC Beaumont more than 30-days prior to filing his motion and never received a response.  The Government concedes that Defendant has exhausted his administrative remedies.  ECF No. 50 at 1.

**C.  Extraordinary and Compelling Reasons**

Defendant, now age 45, argues that extraordinary and compelling reasons justify a reduction in sentence.  Defendant contends that he has a history of smoking and he is obese, which increase his risk of serious illness from COVID-19.  ECF No. 45 at 10.

Defendant's most recent medical records confirm that he is obese (e.g., ECF No. 50-2 at 15, BMI 36) but do not show any untreated or uncontrolled medical condition.  ECF No. 50-2.  Defendant refused to receive an influenza vaccine on

1    October 14, 2020.  *Id*. at 49.  Defendant had a confirmed case of COVID-19,

2    which did not result in severe illness and which is now resolved.  *Id*. at 17 (dated

3    December 7, 2020).  As of February 18, 2021, Defendant has refused to receive a

4    COVID-19 vaccination.  *Id*. at 43.  Defendant's medical condition combined with

5    the risk of COVID-19 does not constitute an extraordinary and compelling reason

6    given that Defendant already contracted COVID and recovered, but now refuses

7    the vaccination.

8         Additionally, Defendant contends that the prison is not a model of

9    cleanliness.  Given the availability of the COVID vaccination, the Court refuses to

10   find that Defendant's general, unspecific complaints about the cleanliness of prison

11   constitutes an extraordinary and compelling reason for release.

12        Defendant also complains that the pandemic can lead to disproportionate

13   poor mental health.  While the Court does not doubt Defendant's contention,

14   nothing in Defendant's medical record shows that he is suffering from poor mental

15   health which would warrant release.

16        Defendant complains that his sentence was excessive and unjust, imposed in

17   violation of the Constitution based on a judge's findings not on a jury's findings

18   beyond a reasonable doubt.  Defendant is mistaken.  Defendant pleaded guilty to

19   Distribution of 50 Grams or More of Actual Methamphetamine, in violation of 21

20   U.S.C. § 841.  That crime carries a penalty of not less than 10 years up to life

1    imprisonment.  Defendant stipulated that he supplied a bag containing

2    approximately 70 grams of pure, actual methamphetamine, ECF No. 24 at 4-5,

3    thus, making him subject to the 10 years to life term of imprisonment.

4         The Supreme Court summarized the law as follows:

> The Guidelines were initially binding on district courts, *Booker*, 543
> U.S., at 233, 125 S.Ct. 738, but this Court in *Booker* rendered them
> "effectively advisory," *id.*, at 245, 125 S.Ct. 738. Although the
> Guidelines remain "the starting point and the initial benchmark" for
> sentencing, a sentencing court may no longer rely exclusively on the
> Guidelines range; rather, the court "must make an individualized
> assessment based on the facts presented" and the other statutory
> factors. *Gall v. United States*, 552 U.S. 38, 49, 50, 128 S.Ct. 586, 169
> L.Ed.2d 445 (2007). The Guidelines thus continue to guide district
> courts in exercising their discretion by serving as "the framework for
> sentencing," *Peugh v. United States*, 569 U.S. ——, ——, 133 S.Ct.
> 2072, 2083, 186 L.Ed.2d 84 (2013), but they "do not constrain th[at]
> discretion," *id.*, at ——, 133 S.Ct., at 2089 (THOMAS, J., dissenting).

*Beckles v. United States*, 137 S. Ct. 886, 894 (2017).  Thus, "[t]he advisory

Guidelines do not fix the permissible range of sentences.  To the contrary, they

merely guide the exercise of a court's discretion in choosing an appropriate

sentence within the statutory range." *Id.* at 892.  Because the guidelines are not

binding and do not require findings by a jury beyond a reasonable doubt, and this

Court sentenced Defendant within the statutory range, no Constitutional violation

has occurred.

         In this case, there are no extraordinary and compelling reasons, alone or in

combination, for a reduction in sentence.

### D. Factors under 18 U.S.C. § 3553(a)

Defendant claims that he has demonstrated rehabilitation.  He completed some education and treatment classes.  See ECF No. 45 at 21.   These classes can all be categorized as rehabilitation, which is not alone an extraordinary and compelling circumstance for release.  *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release.  18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed—
>     (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B)  to afford adequate deterrence to criminal conduct;
>     (C)  to protect the public from further crimes of the defendant; and
>     (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3)  the kinds of sentences available;
> (4)  the kinds of sentence and the sentencing range established for—
>     (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>         (i)   issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress

(regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii)   that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B)   in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5)   any pertinent policy statement—

(A)   issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B)   that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors.  At sentencing, Defendant's total offense level was 33 and he had a criminal history category of II.  This directed an advisory guideline range of 151 to 188 months of imprisonment.  Considering all the sentencing factors, the Court expressly departed from the advisory range to impose a sentence sufficient but not greater than necessary to comply with the purposes and goals of sentencing.  Specifically, the Court reduced Defendant's sentence to 142 months considering that Defendant was

a life-long drug addict who was then a drug dealer supporting his addiction, his mental and emotional condition, his childhood abuse, his limited education, and physical ailments.

Once again, the Court has fully considered these factors in light of the information Defendant recently provided.  Of particular note is the nature and circumstances of the offense in this case.  This was not a simple, one-time event, Defendant was involved in an extensive methamphetamine drug distribution conspiracy for approximately 2 years.  This resulted in the distribution of a significant quantity of methamphetamine into the community.  Based on a conservative estimate, Defendant was responsible for distribution of at least 52 pounds of methamphetamine.

The Court is obligated to protect the public from Defendant's serious, dangerous and devastating conduct.  The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct.  Even with recent developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

Defendant's good conduct and successful rehabilitative activities—educational classes, treatment while in prison—are all commendable, but do not alone warrant early release. 28 U.S.C. § 994(t). Considering the totality of all the facts, compassionate release is unwarranted.

## CONCLUSION

The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Compassionate Release, ECF No. 45, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED July 23, 2021.



THOMAS O. RICE
United States District Judge